UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOHAMMED SAINE,

                     Plaintiff,

  -against-

NYC HEALTH AND HOSPITALS
CORPORATION,

                     Defendant.
------------------------------------------------------------X

Case No.:

COMPLAINT

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, MOHAMMED SAINE, by Plaintiff's attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## Nature of the Case

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296, *et seq.*, and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"). Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of Plaintiff's actual or perceived disabilities (colorblind), failing to receive a reasonable accommodation, resulting in Defendant's failure to hire Plaintiff, or in the alternative, Plaintiff's unlawful termination.

## Jurisdiction and Venue

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12133 and 28 U.S.C. §§ 1331 and 1343.

1

3. This Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

## Procedural Prerequisites

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC, dated September 15, 2022, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as Exhibit A.

7. This Action is being commenced within ninety (90) days of receipt of said Notice.

8. Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code. A copy of the certificate of service of the complaint on the NYCCHR and the Corporation Counsel is annexed hereto as Exhibit B.

## Parties

9. Plaintiff is a resident of the County of Westchester, State of New York.

10. At all times material, Defendant NYC Health and Hospitals Corporation ("NYCHHC") is and was a domestic not-for-profit corporation existing pursuant to and by virtue of the laws of the State of New York.

11. At all times material, Defendant NYCHHC owned, operated and controlled a healthcare organization providing a variety of healthcare services throughout New York City, including the Harlem Hospital location located at 506 Lenox Avenue, New York, New York 10037 ("the Location").

12. At all times material, Defendant NYCHHC had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

13. At all times material, Defendant NYCHHC was Plaintiff's employer under the ADA.

14. At all times material, Defendant NYCHHC was Plaintiff's employer under the NYSHRL.

15. At all times material, Defendant NYCHHC was Plaintiff's employer under the NYCHRL.

16. At all times material, all parties mentioned herein worked and/or continue to be employed with Defendant.

## Material Facts

*Plaintiff's Disability*

17. In or around 2014, Plaintiff underwent the "Ishihara Color Blindness Test," in order to be employed with the United States Army. Shortly thereafter, Plaintiff was informed that he was colorblind.

18. Due to his colorblindness, Plaintiff has difficulty identifying colors, specifically identifying shades of colors.

19. Plaintiff's colorblindness is and was an impairment that substantially limits one or more of Plaintiff's major life activities within the meaning of 42 U.S.C. § 12102(1)(A).

20. Plaintiff's colorblindness is and was a physical, mental or medical impairment preventing the exercise of a normal bodily function within the meaning of NYSHRL § 292(21).

3

21. Plaintiff's colorblindness is and was a physical, medical, mental or psychological impairment, as defined within the NYCHRL as "(a) [a]n impairment of any system of the body; including, but not limited to, the neurological system, the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive system and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system; or (b) [a] mental or psychological impairment."

22. As such, Plaintiff has and/or had a disability under the ADA.

23. As such, Plaintiff has and/or had a disability under the NYSHRL.

24. As such, Plaintiff has and/or had a disability under the NYCHRL.

25. Plaintiff was able to perform the necessary functions of his position working for Defendant with or without a reasonable accommodation.

*Plaintiff's Employment with Defendant*

26. In or around November 2021, Plaintiff applied for the position of Staff Nurse in the Intensive Care Unit with Defendant at the Location.

27. On or about November 18, 2021, Plaintiff went to the Location for an interview.

28. On or about December 10, 2021, Plaintiff was contacted by Defendant's Human Resources Department who subsequently offered him the position of Staff Nurse – ICU earning approximately $84,744 per year.

29. On or about December 17, 2021, Plaintiff went to the Location to fill out hiring paperwork and submit to fingerprinting and a physical examination. During the physical examination, Plaintiff underwent the Ishihara Color Blindness Test by a Nurse Practitioner at the Location. The Nurse Practitioner subsequently informed Plaintiff that he was colorblind and, as such,

failed the Ishihara Color Blindness Test and physical examination. The Nurse Practitioner stated that she needed to contact Human Resources, and reassured Plaintiff that his colorblindness should not be an issue for employment.

30. On or about December 21, 2021, Plaintiff contacted Defendant's Human Resources Department and left a message requesting an update as to his employment status.

31. On or about January 7, 2022, Plaintiff was contacted by the Nurse Practitioner who stated that per Defendant's Human Resources Department, Plaintiff was not medically cleared for employment due to his colorblindness. Plaintiff was devastated.

32. Approximately one hour later, Plaintiff received a letter from Keesha Nedd, Defendant's Human Resources Director, indicating that his employment application was denied as he was "disqualified through the Human Resources preemployment process."

33. Plaintiff has worked as a nurse for approximately ten (10) years and has never had an issue regarding employment and his colorblindness.

34. The above are just some of the acts of discrimination that Plaintiff experienced by Defendant.

35. At no time did Defendant ever engage in, or attempt to engage in, an interactive process regarding Plaintiff's disabilities or need for a reasonable accommodation.

36. It is clear that Plaintiff was terminated, or alternatively was not selected for employment, due to his actual or perceived disability.

37. Defendant was on notice of Plaintiff's disabilities, whether actual and/or perceived.

38. Defendant unlawfully discriminated against, humiliated, degraded and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, loss of income and emotional distress.

39. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

40. Defendant knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

41. Plaintiff was repulsed, offended, humiliated, belittled and disgusted by this blatantly unlawful conduct and termination.

42. Defendant acted intentionally and intended to harm Plaintiff.

43. Defendant acted maliciously, willfully, and outrageously, and will full knowledge of the law.

44. Plaintiff has also suffered loss of income, loss of employment, loss of benefits, future emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45. As such, Plaintiff demands punitive damages against Defendant.

## First Cause of Action for Discrimination
## Under the Americans with Disabilities Act

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

48. Defendant NYCHHC violated the section hereto as set forth.

49. Plaintiff is entitled to the maximum amount allowed under this statute.

## Second Cause of Action for Discriminatory Discharge
## Under the Americans with Disabilities Act

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

52. Defendant NYCHHC violated the section hereto as set forth.

53. Plaintiff is entitled to the maximum amount allowed under this statute.

### Third Cause of Action for Failure to Provide a Reasonable Accommodation Under the Americans with Disabilities Act

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

56. The Americans with Disabilities Act, 42 U.S.C. § 12112(b) entitled "Construction," states, in pertinent part,

> As used in subsection (a), the term "discriminate against a qualified individual on the basis of disability" includes—
>
> . . . .
>
> (5)
>
> (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or
>
> (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability,

7

> if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant.

57. Defendant NYCHHC violated the section hereto as set forth.

58. Plaintiff is entitled to the maximum amount allowed under this statute.

### Fourth Cause of Action for Discrimination
### Under the New York State Executive Law

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

61. Defendant NYCHHC violated the section hereto as set forth.

62. Plaintiff is entitled to the maximum amount allowed under this statute.

### Fifth Cause of Action for Discriminatory Discharge
### Under the New York State Executive Law

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

65. Defendant NYCHHC violated the section hereto as set forth.

66. Plaintiff is entitled to the maximum amount allowed under this statute.

### Sixth Cause of Action for Failure to Provide a Reasonable Accommodation
### Under the New York State Executive Law

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. New York State Executive Law § 296(3)(a) provides that:

> It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities, or pregnancy-related conditions, of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program.

69. Defendant NYCHHC violated the section hereto as set forth.

70. Plaintiff is entitled to the maximum amount allowed under this statute.

### Seventh Cause of Action for Discrimination
### Under the New York City Administrative Code

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

73. Defendant NYCHHC violated the section hereto as set forth.

74. Plaintiff is entitled to the maximum amount allowed under this statute.

## Eighth Cause of Action for Discriminatory Discharge
## Under the New York City Administrative Code

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

77. Defendant NYCHHC violated the section hereto as set forth.

78. Plaintiff is entitled to the maximum amount allowed under this statute.

## Ninth Cause of Action for Failure to Provide a Reasonable Accommodation
## Under the New York City Administrative Code

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. New York City Administrative Code § 8-107(15) states, in pertinent part:

> (a) Requirement to make reasonable accommodation to the needs of persons with disabilities. Except as provided in paragraph (b), it is an unlawful discriminatory practice for any person prohibited by the provisions of this section from discriminating on the basis of disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity.

81. Defendant NYCHHC violated the section hereto as set forth.

82. Plaintiff is entitled to the maximum amount allowed under this statute.

## Jury Demand

83. Plaintiff demands a trial by jury.

   **WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the <u>Americans with Disabilities Act</u>, 42 U.S.C. § 12101, *et seq.*, the <u>New York State Human Rights Law</u>, New York State Executive Law § 296, *et seq.*, and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-107, *et seq.* in that Defendant discriminated against Plaintiff on the basis of Plaintiff's actual or perceived disabilities (colorblind), failing to receive a reasonable accommodation, resulting in his unlawful termination and/or failing to hire Plaintiff.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and conduct and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
September 29, 2022

                                  **PHILLIPS & ASSOCIATES,**
                                  **ATTORNEYS AT LAW, PLLC**

By: _____
Stefanie Shmil
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
sshmil@tpglaws.com